# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREN DILL,** | : | CIVIL ACTION NO. 1:18-CV-2005 |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| **CLAIR DOLL,** as Warden of the York County Prison, | : | |
| Respondent | : | |

## **ORDER**

AND NOW, this 1st day of November, 2018, upon consideration of the emergency petition (Doc. 1) for issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and for a stay of removal filed by plaintiff Karen Dill ("Dill"), and the parties' respective briefs in support of and opposition to said petition, and following a telephonic conference call on the record with counsel for all parties on today's date, and the court observing that, except as provided in 8 U.S.C. § 1252, federal courts lack jurisdiction to "hear any cause or claim by or on behalf of any alien arising from the decision or action by the [Secretary of Homeland Security] to commence proceedings, adjudicate cases, or execute removal orders against any alien,"[1] including by habeas petition pursuant to 28 U.S.C. § 2241, see 8 U.S.C. § 1252(g); see Chehazeh v. Att'y Gen., 666 F.3d 118, 133-35 (3d Cir. 2012), and that Section 1252 mandates that a petition for review of a final order of removal "shall be

---

[1] Congress transferred responsibility for immigration enforcement functions from the Attorney General to the Secretary of Homeland Security. Clark v. Martinez, 543 U.S. 371, 374 n.1 (2005); see also 6 U.S.C. § 251.

filed with the court of appeals for the judicial circuit in which the immigration judge completed proceedings," 8 U.S.C. § 1252(b)(2); see also Bradley v. Att'y Gen., 603 F.3d 235, 237 n.1 (3d Cir. 2010), and the court further observing that district courts nationwide have concluded that Section 1252's jurisdictional bar extends to applications to stay removal, see, e.g., Torres-Jurado v. Saudino, No. 18-2115, 2018 WL 2254565, at *1-2 (D.N.J. May 17, 2018) (collecting cases); Amaya Escobar v. Doll, No. 4:18-CV-00104, 2018 WL 1141438, at *3 (M.D. Pa. Mar. 2, 2018); Estrada-Zapata v. U.S. Immigration & Customs Enf't, No. 3:07-CV-2034, 2007 WL 3334996, at *1 (M.D. Pa. Nov. 8, 2007), and it appearing that Immigration and Customs Enforcement issued a final administrative removal order against Dill on October 15, 2018, for remaining in the United States beyond the 90-day period afforded her under the Visa Waiver Program, (Doc. 5-1 at 5-6, 9, 11); see 8 U.S.C. § 1187, and the court thus concluding that it lacks subject matter jurisdiction over Dill's challenge to said removal order and request for a stay thereof, it is hereby ORDERED that:

1. The emergency petition (Doc. 1) is DENIED for lack of subject matter jurisdiction.

2. The temporary stay of removal (Doc. 2 ¶ 1) is LIFTED.

3. The Clerk of Court is directed to CLOSE this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania